908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Normandy ROGERS, Plaintiff-Appellant,
v.
ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, an
Agency of the State of Illinois. Defendant-Appellee.
 No. 89-3467.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1990.*
Decided July 25, 1990.
 
 Before CUMMINGS, HARLINGTON WOOD, JR., Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Normandy Rogers accused the Illinois Department of Children and Family Services (DCFS) of discriminating against her on the basis of her sex in violation of Title VII of the Civil Rights Act. 42 U.S.C. Sec. 2000(e)-2(a)(1). Magistrate Rosemond conducted a bench trial in which he recommended entry of judgment in favor of DCFS, and the district court affirmed, over Rogers' objections. We also affirm.
 
 I.
 
 2
 Rogers worked the 11:00 p.m. to 7:00 a.m. shift at a residential facility for male teenagers run by DCFS. She was hired in August 1980 and fired in January 1981.[1] Rogers admitted dozing off for five to ten minutes on November 11, 1980. She conceded that she was aware that sleeping was prohibited and that violators would be subject to punishment up to termination, based on a DCFS memorandum issued on August 13, 1980. Rogers claims, however, that she was fired for sleeping on the job while the male employees who slept on her shift were not fired.[2]
 
 
 3
 After hearing testimony and reviewing documentary evidence (including depositions), Magistrate Rosemond determined that while most of the night shift accused each other of sleeping, Rogers alone was caught sleeping after the DCFS memorandum had been discussed with the shelter staff. He stated that "it appear[ed] that" another employee, Johnny King, was found sleeping the night before the memorandum was discussed, and that it was "unclear as to whether King was transferred [to the morning shift] because of the sleeping incident or for ... coverage needed on other shifts."
 
 
 4
 The magistrate further found that Oliver LaPorte, who made the decision to fire Rogers in December 1980, was not made aware of King's sleeping incident until January 18, 1981. Magistrate Rosemond determined that Rogers was discharged due to her sleeping, her status as a probationary employee, and her inability to work with other members of the shelter staff as a team.
 
 
 5
 Magistrate Rosemond held that "Rogers did not carry her burden to prove sex discrimination" because: "(1) [she] was not treated differently from males on her shift with respect to sleeping ... [and] (2) [t]here was no evidence that Oliver LaPorte had a gender-based bias." The magistrate additionally concluded that DCFS had legitimate and non-discriminatory reasons for firing Rogers, including the sleeping incident, which resulted in some missing keys and a search of the shelter residents, her probationary status, and her overall unsatisfactory performance. The magistrate therefore recommended judgment in favor of DCFS. The district court concluded that the magistrate's findings were not clearly erroneous and entered judgment for DCFS.
 
 II.
 
 6
 Our task is not to retry the case, but to determine whether the magistrate's findings were clearly erroneous. See United States v. Rodriguez, 888 F.2d 519, 521-22 (7th Cir.1989) (in reviewing a district court decision adopting magistrate's recommendation, we look to the magistrate's findings of fact for clear error). If there is support for a magistrate's particular finding in the record, "we must accept it as a fact" in discrimination cases. Cygnar v. City of Chicago, 865 F.2d 827, 836 (7th Cir.1989). We will reverse the decision in this Title VII disparate treatment case only if we are left " 'with the definite and firm conviction that a mistake has been committed' by the [magistrate]." Chesser v. State of Illinois, 895 F.2d 330, 334 (7th Cir.1990) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) ) (further citation omitted). We are not so convinced.
 
 
 7
 Magistrate Rosemond credited the testimony of Oliver LaPorte, who terminated Rogers due to her sleeping but denied knowing about King's August 1980 incident of sleeping on the third shift. Since LaPorte alone made the decision to fire Rogers, albeit based on recommendations by Llewellyn Morgan, his testimony established the lack of disparate treatment in firing Rogers. Credibility determinations remain the province of the trier of fact. See United States v. Grandinetti, 891 F.2d 1302, 1307 (7th Cir.1989) (citations omitted); United States v. Edun, 890 F.2d 983, 989 (7th Cir.1989) (citations omitted). LaPorte's testimony was not "so internally inconsistent [n]or implausible on its face that a reasonable fact finder would not credit it." Anderson, 470 U.S. at 575.[3]
 
 
 8
 Rogers also contends that the magistrate's findings of fact were clearly erroneous because he failed to mention that the EEOC found reasonable cause to believe that DCFS discriminated against her, and that the reasons given for her termination were a pretext. While the EEOC documents, including the EEOC's conclusion of discrimination, are admissible, they are to be weighed along with other evidence. See, e.g., Tulloss v. Near North Montessori School, 776 F.2d 150, 153-54 (7th Cir.1985). We think the magistrate's failure to specifically cite the EEOC's decision is not clear error. The fact that EEOC found discrimination simply is not a "finding of fact" which needed to be made by the magistrate.
 
 III.
 
 9
 As the district court stated, Rogers' argument "depends on a highly selective view of the evidence...." We cannot take such a narrow view of the evidence on appeal. For the foregoing reasons, the decision of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Rogers was suspended for 30 days without pay pending dismissal in December 1980
 
 
 [2]
 Rogers claimed that her superior, George Thorton, fell asleep, as did another probationary employee, Johnny King, and Connie Foster, who was not a probationary employee. The EEOC concluded that DCFS violated Title VII by firing Rogers but not Johnny King, and that the reasons that DCFS gave for firing Rogers were pretextual. The Department of Justice, however, declined to prosecute Rogers' claim
 
 
 [3]
 Further, the magistrate must have discredited the testimony of George Thorton, Rogers' shift supervisor, who stated that he personally told LaPorte of another employee's repeated episodes of sleeping. The magistrate was free to disbelieve the testimony of Thorton, who was terminated shortly before Rogers for his failure to consistently report occurrences on his shift